UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL PHILPOTT, | ) | CASE NO. 5:23-cv-1885 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| CITY OF STOW, | ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the civil rights complaint of *pro se* plaintiff Michael Philpott (Philpott) against the City of Stow (Doc. No. 1 (Complaint)) and motion to proceed *in forma pauperis*. (Doc. No. 2 (Motion).)

### I.     Background

Philpott has filed an *in forma pauperis* civil rights complaint in this case under 42 U.S.C. § 1983 against the City of Stow. (Doc. No. 1.) In his complaint, he alleges that he was pulled over by Stow police officers on a traffic stop on July 1, 2023, and subsequently arrested on an extradition warrant by the City of Las Vegas. Although his complaint does not set forth clear legal claims or their basis, he appears to dispute that there was an active warrant for his arrest when officers pulled him over. He also appears to contend that Stow police officers violated his rights by improperly stopping, arresting, and transporting him to the Summit County Jail and then towing, impounding, and damaging his car during an inventory search. He seeks monetary relief. With his complaint, Philpott filed a motion to proceed *in forma pauperis*. (Doc. No. 2.) That motion is granted.

## II. STANDARD OF REVIEW

Although *pro se* pleadings are construed liberally, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982), federal district courts are expressly required, under 28 U.S.C. § 1915(e)(2)(B), to screen all *in forma pauperis* complaints filed in federal court, and to dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. To survive a dismissal for failure to state a claim, a *pro se* complaint must set forth sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face. *See Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (holding that the dismissal standard articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) governs dismissals for failure to state a claim under § 1915(e)(2)(B)). The factual allegations in the pleading "must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Twombly*, 550 U.S. at 555.

## III. DISCUSSION

Upon review, the Court finds that Philpott's complaint fails to state a plausible claim and warrants dismissal under § 1983. The only defendant Philpott names in the case is the City of Stow. Municipalities are not immune from suit under § 1983, but to sustain a § 1983 cause of action against a city, a plaintiff must do more than simply establish that he was injured by city police officers. It is well-established that a municipality cannot be held liable under § 1983 for an injury inflicted solely by its employee or agent under a theory of *respondeat superior*. *Gregory v. Shelby County, Tenn.*, 220 F.3d 433, 441 (6th Cir. 2000).

Rather, to hold a city liable, a plaintiff must demonstrate that the city itself, through

execution of its own policy or custom, inflicted a constitutional injury. *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 694 (holding that a municipality may be liable under § 1983 only "when execution of [its own] policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury" alleged by the plaintiff). In short, an "official policy must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981) (quoting *Monell*, 436 U.S. at 694) (internal citation omitted). "The plaintiff must identify the policy, connect the policy to the governmental entity, and show that the particular injury was incurred because of the execution of that policy." *Anthony v. Roberson*, 26 F. App'x 419, 422 (6th Cir. 2001).

Even if the Court assumes that a Stow police officer or officers somehow acted improperly, or indeed even violated Philpott's constitutional rights in some way in connection with his stop, his arrest, or the search of his vehicle, Philpott has not alleged facts sufficient to support a plausible *Monell* claim. He does not identify a specific policy or custom of the City of Stow or allege facts indicating how such policy was connected to the conduct of the various Stow police officers of which he complains. He simply states, in unclear and purely conclusory terms, that the City of Stow "ignored and denied [his] complaints" and "trained several of their officers to disregard unreasonable searches & seizures with 'advance search training.'" (Doc. No. 1, at 5.) Philpott's unclear and conclusory assertions are simply insufficient to give rise to a plausible inference that a policy or custom of the City of Stow caused him to sustain unconstitutional injury. *See, e.g.*, *Anthony*, 26 F. App'x at 422 ("[C]onclusory allegations are insufficient to state an arguable claim that an unconstitutional governmental policy caused [a plaintiff's] illegal arrest."); *see also Brown*

3

*v. Cuyahoga County*, 517 F. App'x 431, 436 (6th Cir. 2013) (affirming dismissal of *Monell* claim based on "nothing more than a bare recitation of legal standards").

## IV. CONCLUSION

Accordingly, this action against the City of Stow is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: January 2, 2024

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**